## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Steven Burke,** | ) |
| | ) |
| Plaintiff, | ) |
| | )  **3:18cv601** |
| v. | ) |
| | ) |
| **F&C Automotive Supply, Inc.,** | ) |
| **William Gesner, Frank Delnero, and** | ) |
| **Connie Delnero,** | ) |
| | ) |
| Defendants, | ) |

### FIRST AMENDED COMPLAINT

Plaintiff, Steven Burke (hereinafter "Plaintiff") by and through his attorneys Langone, Batson & Lavery LLC, files his Complaint against Defendants, F & C Automotive Supply Inc., William Gesner, Frank Delnero, and Connie Delnero (hereinafter "Defendants"). Plaintiff seeks damages from Defendant and states as follows:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (hereinafter "Title VII"); Tile I of and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. (hereinafter the "ADAAA") and the New Jersey's Law Against Discrimination ("NJLAD") and for state law tort claims.

2. This action is to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination and retaliation against Plaintiff because of his disability, leading to his unlawful termination.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's civil rights under Title VII and the ADAAA.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## **THE PARTIES**

6. Plaintiff, Burke, is a citizen of the United States, and is and was at all times material, a resident of the State of New Jersey.

7. Defendant is a New Jersey corporation with its principal place of business in Neptune, NJ. Defendant is an employer as defined by all laws under which this action is brought and employed over 15 employees.

8. William Gesner is a citizen of the State of New Jersey.

9. Frank Delnero is a citizen of the State of Florida.

10. Connie Delnero is a citizen of the State of Florida

## **PROCEDURAL REQUIREMENTS**

11. Plaintiff has complied with all statutory prerequisites to filing this action.

12. On March 21, 2017, Plaintiff dual-filed a claim with the New Jersey Division on Civil Rights (hereinafter the "NJDCR") and the Equal Employment Opportunity Commission (hereinafter the "EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

13. Plaintiff's EEOC charge against Defendant was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

14.     On or about October 18, 2017 the EEOC issued to Plaintiff a Notice of Right to Sue.

15.     This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

## **FACTS**

16. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-15, above.

17.  Defendant employed Plaintiff at their NAPA Auto Parts store beginning December 14, 2007.

18. In the winter of 2015-2016, Plaintiff became disabled by being impaired in the major life activities of walking and standing as a result of a chronic medical condition that caused pain and swelling in his feet.

19. Defendant Gesner was Plaintiff's supervisor.

20. Defendant Gesner learned that Plaintiff was disabled and/or perceived Plaintiff was disabled.

21. Defendant Gesner accused Plaintiff of planning on applying for disability benefits and screw him.

22. In response, Defendant Gesner created a hostile work environment on a daily basis in response to Plaintiff's disability for example;

- A. Defendant Gesner called Plaintiff lazy.
- B. Defendant Gesner directed profanities at Plaintiff;
- C. Defendant Gesner shouted at Plaintiff.

23. Defendants Frank Delnero and Connie Delnero were informed by Plaintiff and other employees about the hostile work environment and harassment from Defendant Gesner related to Plaintiff's disability.

24. Defendants Frank Delnero and Connie Delnero knowingly and substantially assist the principal violation of disability discrimination by taking no action against Defendant Gesner and continuing him to direct him to supervise Plaintiff and thereby reinforcing and encouraging Defendant Gesner's conduct.

25. Defendants Frank Delnero and Connie Delnero aided and abetted Defendant Gesner by continuing to employ Defendant Gesner as Plaintiff's supervisor.

26. The hostile work environment reached an extreme on May 28, 2016, when Gesner was directing profanities about his disability and then told Plaintiff to get out and when he asked if he was fired, Defendant Gesner threw an office chair at Plaintiff and struck him in the leg.

27. At all times, Defendants Frank and Connie Delnero were specifically aware of Defendant Gesner's role as part of an overall illegal tortious activity.

## **COUNT I: Disability Discrimination in Violation of the ADAAA against Defendant F & C Automotive Supply Inc.**

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

29. At all material times, Defendant F & C Automotive Supply Inc. employed more than 15 employees and both Defendant qualifies as an employer within the meaning of the ADAAA.

30. At all material times, Plaintiff was a qualified employee with a disability under the ADAAA.

31. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant F & C Automotive Supply Inc.

32. Defendant F & C Automotive Supply Inc. is prohibited under the ADAAA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

33. Defendant F & C Automotive Supply Inc. intentionally discriminated against Plaintiff on the basis of his disability and retaliated against him for protected activity.

34. As a direct and proximate result of Defendant F & C Automotive Supply Inc.'s unlawful and discriminatory conduct in violation of the ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

35. Defendant F & C Automotive Supply Inc.'s unlawful conduct in violation of the ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **COUNT II: Disability Discrimination in Violation of the NJLAD against F & C Automotive Supply Inc.**

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

37. At all material times, Defendant F & C Automotive Supply Inc. employed fifteen (15) or more employees and qualifies as employers within the meaning of the NJLAD.

38. At all material times, Plaintiff was a qualified employee with a disability under the NJLAD.

39. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

40. Defendant F & C Automotive Supply Inc. is prohibited under the NJLAD from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

41. Defendant F & C Automotive Supply Inc. discharged him based upon his disability and in retaliation for his protected activity related to his disability.

42. Defendant F & C Automotive Supply Inc. intentionally discriminated against Plaintiff on the basis of his disability.

43. As a direct and proximate result of Defendant F & C Automotive Supply Inc. unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and

continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

44. Defendants' unlawful conduct in violation of the NJLAD was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **COUNT III: Disability Discrimination in Violation of the NJLAD against William Gesner, Frank Delnero and Connie Delnero**

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

46. At all material times, Plaintiff was a qualified employee with a disability under the NJLAD.

47. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

48. Defendants William Gesner, Frank Delnero and Connie Delnero were prohibited under the NJLAD, N.J.S.A. 10:5-12(e), to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under NJLAD or to attempt to do so.

49. Defendants William Gesner, Frank Delnero and Connie Delnero aided, abetted, incited and compelled acts in violation of NJLAD.

50. As a direct and proximate result of their unlawful and discriminatory conduct in violation of the NJLAD, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

51. Defendants' unlawful conduct in violation of the NJLAD was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **COUNT IV: Battery against William Gesner**

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

53. On May 28, 2016, Defendant Gesner threw an office chair at Plaintiff causing a harmful and offensive touching of his leg.

54. Plaintiff suffered pain and suffering as a proximate cause.

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Award actual damages;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees; and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

RESPECTFULLY SUBMITTED,
Plaintiff Steven Burke

/s/Christopher v. Langone
By His Attorney

Christopher V. Langone
Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602
312-344-1945