**SCARINCI HOLLENBECK**
331 Newman Springs Road
Building 3, Suite 310
Red Bank, NJ 07701
Tel. (732) 780-5590
Fax (732) 568-8368
Joel N. Kreizman, Esq.
jnkreizman@sh-law.com
*Attorneys for Defendants, F & C Automotive Supply, Inc.,*
*Frank Delnero and Connie Delnero*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN BURKE,<br><br>        Plaintiff,<br><br>v.<br><br>F & C AUTOMOTIVE SUPPLY, INC., WILLIAM GESNER, FRANK DELNERO, and CONNIE DELNERO,<br><br>        Defendants. | Civil Action No.: 3:18-cv-00601-FLW-TJB<br><br>**(Filed Electronically)**<br><br>**ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT BY DEFENDANTS F & C AUTOMOTIVE SUPPLY, INC., FRANK DELNERO AND CONNIE DELNERO** |

Defendants F & C Automotive Supply, Inc. ("F & C"), Frank Delnero and Connie Delnero (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's First Amended Complaint ("Complaint") as follows:

Defendants deny each and every allegation in the Complaint that has not otherwise been specifically admitted herein.

1

## NATURE OF THE CLAIMS

1. No facts are alleged in paragraph 1 of the Complaint; therefore, no answer is required.

2. No facts are alleged in paragraph 2 of the Complaint; therefore, no answer is required.

## JURISDICTION AND VENUE

3. No facts are alleged in paragraph 3 of the Complaint; therefore, no answer is required.

4. No facts are alleged in paragraph 4 of the Complaint; therefore, no answer is required.

5. No facts are alleged in paragraph 5 of the Complaint; therefore, no answer is required.

## THE PARTIES

6. Defendants have no direct knowledge as to Plaintiff's citizenship and therefore he is left to his proofs regarding same. Defendants admit that during relevant time periods, Plaintiff was a New Jersey resident.

7. It is admitted that F & C is a New Jersey corporation. It is denied that it is still active.

8. Defendants have no direct knowledge regarding the allegations contained in paragraph 8 of the Complaint and therefore leave Plaintiff to his proofs.

9. The Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. The Defendants admit the allegations contained in paragraph of the 10 of the Complaint.

## PROCEDURAL REQUIREMENTS

11. Defendants have no direct knowledge regarding the allegations contained in paragraph 11 of the Complaint and therefore leave Plaintiff to his proofs.

12. Defendants have no direct knowledge regarding the allegations contained in paragraph 12 of the Complaint and therefore leave Plaintiff to his proofs.

13. Defendants have no direct knowledge regarding the allegations contained in paragraph 13 of the Complaint and therefore leave Plaintiff to his proofs.

14. Defendants have no direct knowledge regarding the allegations contained in paragraph 14 of the Complaint and therefore leave Plaintiff to his proofs.

15. Defendants have no direct knowledge regarding the allegations contained in paragraph 15 of the Complaint and therefore leave Plaintiff to his proofs.

## FACTS

16. The Defendants incorporate by reference their responses to paragraphs 1-15 of the Complaint as if set forth more fully herein.

17. The Defendants admit the allegations contained in paragraph of the 17 of the Complaint.

18. Defendants have no direct knowledge regarding the allegations contained in paragraph 18 of the Complaint and therefore leave Plaintiff to his proofs.

19. The Defendants admit the allegations contained in paragraph of the 19 of the Complaint.

20. Defendants have no direct knowledge regarding the allegations contained in paragraph 20 of the Complaint and therefore leave Plaintiff to his proofs.

21. Defendants have no direct knowledge regarding the allegations contained in paragraph 21 of the Complaint and therefore leave Plaintiff to his proofs.

22. Defendants have no direct knowledge regarding the allegations contained in paragraph 22 of the Complaint and therefore leave Plaintiff to his proofs.

23. The Defendants deny the allegations contained in paragraph of the 23 of the Complaint.

24. The Defendants deny the allegations contained in paragraph of the 24 of the Complaint.

25. The Defendants deny the allegations contained in paragraph of the 25 of the Complaint.

26. Defendants have no direct knowledge regarding the allegations contained in paragraph 26 of the Complaint and therefore leave Plaintiff to his proofs.

27. The Defendants deny the allegations contained in paragraph of the 27 of the Complaint.

### COUNT I: Disability Discrimination in Violation of the ADAAA against Defendant F & C Automotive Supply Inc.

28. The Defendants incorporate by reference their responses to paragraphs 1-27 of the Complaint as if set forth more fully herein.

29. It is admitted that F & C employed more than 15 employees during the relevant time period.

30. Paragraph 30 of the Complaint sets forth a legal conclusion for which no answer is required.

31. Defendants have no direct knowledge regarding whether Plaintiff "has an actual disability" or "has a record of being disabled" and therefore leave Plaintiff to his proofs. The Defendants deny the remaining allegations contained in paragraph of the 31 of the Complaint.

32. Paragraph 32 of the Complaint sets forth a legal conclusion for which no answer is required.

33. The Defendants deny the allegations contained in paragraph of the 33 of the Complaint.

34. The Defendants deny the allegations contained in paragraph of the 34 of the Complaint.

35. The Defendants deny the allegations contained in paragraph of the 35 of the Complaint.

### COUNT II: Disability Discrimination in Violation of the NJLAD against Defendant F & C Automotive Supply Inc.

36. The Defendants incorporate by reference their responses to paragraphs 1-35 of the Complaint as if set forth more fully herein.

37. It is admitted that F & C employed more than 15 employees during the relevant time period.

38. Paragraph 38 of the Complaint sets forth a legal conclusion for which no answer is required.

39. Defendants have no direct knowledge regarding whether Plaintiff "has an actual disability" or "has a record of being disabled" and therefore leave Plaintiff to his proofs. The Defendants deny the remaining allegations contained in paragraph of the 39 of the Complaint.

40. Paragraph 40 of the Complaint sets forth a legal conclusion for which no answer is required.

41. The Defendants deny the allegations contained in paragraph of the 41 of the Complaint.

42. The Defendants deny the allegations contained in paragraph of the 42 of the Complaint.

43. The Defendants deny the allegations contained in paragraph of the 43 of the Complaint.

44. The Defendants deny the allegations contained in paragraph of the 44 of the Complaint.

**COUNT III: Disability Discrimination in Violation of the NJLAD against William Gesner, Frank Delnero and Connie Delnero**

45. The Defendants incorporate by reference their responses to paragraphs 1-44 of the Complaint as if set forth more fully herein.

46. Paragraph 46 of the Complaint sets forth a legal conclusion for which no answer is required.

47. Defendants have no direct knowledge regarding the allegations contained in paragraph 47 of the Complaint and therefore leave Plaintiff to his proofs.

48. Paragraph 48 of the Complaint sets forth a legal conclusion for which no answer is required.

49. The Defendants deny the allegations contained in paragraph of the 49 of the Complaint.

50. The Defendants deny the allegations contained in paragraph of the 50 of the Complaint.

51. The Defendants deny the allegations contained in paragraph of the 51 of the Complaint.

## COUNT IV: Battery against William Gesner

52. The Defendants incorporate by reference their responses to paragraphs 1-51 of the Complaint as if set forth more fully herein.

53. Paragraph 53 of the Complaint does not apply to these Defendants and therefore no answer is required.

54. Paragraph 54 of the Complaint does not apply to these Defendants and therefore no answer is required.

## PRAYER FOR RELIEF

Defendants F & C Automotive Supply, Inc., Frank Delnero and Connie Delnero deny Plaintiff is entitled to the relief sought in his First Amended Complaint and demand judgment dismissing the Complaint in its entirety with prejudice, together with costs and attorneys' fees and all other relief to which the Defendants are entitled.

## DEFENSES

Defendants F & C Automotive Supply, Inc. ("F & C"), Frank Delnero and Connie Delnero (collectively, "Defendants") assert the following defenses, but inclusion of a defense does not mean that these Defendants assume any burden of proof not placed upon them by law:

### First Affirmative Defense

The Complaint fails, in whole or in part, to state claims upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff should be estopped to assert his claim because he failed to follow reporting requirements set forth in the F & C employee handbook or to provide any medical evidence of his purported disability.

### Third Affirmative Defense

The Plaintiff should be estopped to assert his claim because he never requested an accommodation for his purported disability.

### Fourth Affirmative Defense

The Plaintiff should be estopped to assert his claim as a result of his misconduct.

### Fifth Affirmative Defense

The Plaintiff's claims should be barred by the doctrine of waiver.

### Sixth Affirmative Defense

The Plaintiff's claims should be barred as a result of his laches.

### Seventh Affirmative Defense

The Plaintiff's claims is barred by the applicable statute of limitations.

### Eighth Affirmative Defense

The Plaintiff's claims should be barred because he failed to mitigate his purported damages.

### Ninth Affirmative Defense

The Plaintiff's claims should against these Defendants should be barred because any damage he purportedly suffered were caused by actions or inactions of others.

### Reservation of Additional Affirmative Defenses

The Defendants hereby reserve the right to assert additional affirmative defenses as discovery proceeds in this case.

### **DESIGNATION OF TRIAL COUNSEL**

Please be advised that Joel N. Kreizman is hereby designated as trial counsel.

SCARINCI & HOLLENBECK, LLC
ATTORNEYS AT LAW
*Attorneys for Defendants*

Dated: May 8, 2017        By:   /s/ Joel N. Kreizman
                                Joel N. Kreizman, Esq.

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to my knowledge, the matter in controversy in this action is not the subject of any other pending lawsuit, arbitration, or administrative proceeding.

SCARINCI & HOLLENBECK, LLC<br>
ATTORNEYS AT LAW<br>
*Attorneys for Defendants*

Dated: May 8, 2017　　　　　　　By:　/s/ Joel N. Kreizman  
　　　　　　　　　　　　　　　　　　　Joel N. Kreizman, Esq.

## CERTIFICATE OF SERVICE

I, Joel N. Kreizman, hereby certify that a true and correct copy of the foregoing Answer has been filed electronically and served via ECF on the attorneys for Plaintiff on this date.

Dated: May 8, 2017　　　　　　　By:　/s/ Joel N. Kreizman  
　　　　　　　　　　　　　　　　　　　Joel N. Kreizman, Esq.